**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Robbie Collins, | ) | C/A No. 2:14-CV-4270-RMG-MGB |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Nurse Mauney, Nurse Holcomb, and | ) | |
| Doctor Byrne, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

The Plaintiff, appearing *pro se* and *in forma pauperis*, brings this action under Title 42, United States Code, Section 1983. The Plaintiff is currently in the custody of the South Carolina Department of Corrections ("SCDC") and currently housed at Lee Correctional Institution. This matter is before the court on Defendant's Motion for Dismissal or Alternatively for Summary Judgment (Dkt. No. 22) and Plaintiff's Motion for Summary Judgment. (Dkt. No. 35.) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## **ALLEGED FACTS**[1]

On September 12, 2013, the Plaintiff went to medical and informed the nurse that he had fallen from his bed and injured his right shoulder. Nurse Ayers (not a named Defendant) told the Plaintiff that he would require an x-ray. On September 26, 2013, the Plaintiff was prescribed Meloxicam and an x-ray was ordered. On October 5, 2013, the Plaintiff told Nurse Norah (not a

---

[1] All of the Alleged Facts are taken from pages 3-4 of the Complaint, Dkt. No. 1, unless otherwise indicated.

1

named Defendant) that the meloxicam was causing headaches. Nurse Norah told the Plaintiff to stop taking the medication. The Plaintiff was then transferred to Lieber Correctional Institution.[2]

On October 30, 2013, the Plaintiff went to medical complaining of right shoulder pain and was prescribed Meloxicam for pain. On November 6, 2013, the Plaintiff returned to medical and told Nurse Washington (not a named Defendant) the Meloxicam was causing severe headaches. On November 18, 2013[3] and November 21, 2013, Plaintiff returned to medical complaining of shoulder pain, but received no treatment.[4]

According to the Complaint, on January 2, 2014,[5] the Plaintiff went and had an x-ray of his right shoulder that showed his shoulder was "injured and damaged." (Dkt. No. 1 at 3.) On January 29, 2014, Plaintiff filed a grievance concerning his shoulder injury and treatment. On February 7, 2014, Plaintiff filed a step 2 grievance that was not processed for nine months. On February 11, 2014, Plaintiff returned to medical and told the nurse the Meloxicam was not working and making him ill. On February 20, 2014, Plaintiff was seen by Dr. Byrne.[6] Dr. Byrne notes his right shoulder was lower than his left. Dr. Byrne did not prescribe any treatment.

## STANDARD OF REVIEW

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that

---

[2] The Plaintiff does not allege where he was originally housed.

[3] The Defendants allege that Plaintiff's visit on November 18, 2013 was for pain in his *left* shoulder. (Dkt. Nos. 22-1 at 3; 22-2 at 20.) Nurse Bustle placed an x-ray request for the left shoulder. (*Id*.) Plaintiff's previous complaints had been for his right shoulder.

[4] Defendant Holcomb stated in her affidavit that the Plaintiff received Ibuprofen and Tylenol to treat his shoulder pain and headaches on November 21, 2013. (Dkt. No 22-4 at 2.)

[5] Defendant Holcomb stated in her affidavit the x-ray was taken on December 31, 2013. (Dkt. No 22-4 at 2.)

[6] The Defendants allege that the Plaintiff reported to Dr. Byrne that he had injured his *left* shoulder falling out of his bunk. (Dkt. No. 22-1 at 4.) However, Dr. Byrne's affidavit states he examined the *right* shoulder. The x-ray showed no fracture and some previous injury. (Dkt. No. 22-5 at 1 ¶6.)

the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[A]ll evidence must be construed in the light most favorable to the party opposing summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (1986). "This court is required to construe *pro se* complaints and petitions liberally." *Stout v. Robnett*, 107 F. Supp. 2d 699, 702 (D.S.C. 2000) (internal quotations and citations omitted). " [P]*ro se* complaints…are held to a less stringent standard than those drafted by attorneys,…and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case." *Id.*

## ANALYSIS

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983); *see also Gomez v. Toledo*, 446 U.S. 635, 540 (1983); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). In a § 1983 action, "liability is

personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

The Plaintiff alleges that the Defendants violated his Eighth Amendment right to be free from "cruel and unusual punishments." (Dkt. No. 1.); U.S. CONST. amend VIII. To bring a claim alleging prison doctors inflicted cruel and unusual punishment by inadequately attending to medical needs a plaintiff must "must, at a minimum, allege 'deliberate indifference' to his 'serious' medical needs." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal citations omitted). "It is *only* such indifference that can violate the Eighth Amendment; allegations of inadvertent failure to provide adequate medical care…simply fail to establish the requisite culpable state of mind." Id. (internal citations and quotations omitted) (emphasis in orginal). "The test for deliberate indifference has two parts. First, whether the deprivation of medical care was sufficiently serious (objective component) and second, whether there existed a culpable state of mind (subjective component)."[7] *Harden v. Green*, 27 F. App'x 173, 176 (4th Cir. 2001) (citing *Wilson*, 501 U.S. at 298). The fact that a plaintiff's medical complaint remains after treatment does not show deliberate difference as the Constitution does not mandate a cure. *Hooks v. Delany*, No. 2:12-CV-305-MGL-BHH, 2013 WL 353275, at *7 (D.S.C. Jan. 7, 2013) *report and recommendation adopted*, No. CA 2:12-0305-PMD, 2013 WL 353559 (D.S.C. Jan. 29, 2013) (citing *Armour v. Herman,* 1:05–CV–295–TLS, 2005 WL 2977761, at *3 (N.D.Ind. Nov.4, 2005) (holding "[t]he Eighth Amendment does not require medical success...."); *Ramos v. Artuz,* No. 00 Civ. 0149(LTS), 2003 WL 342347, at *9 (S.D.N.Y. Feb.14, 2003) (indicating that an unsuccessful course of treatment does not support a finding of deliberate indifference)).

---

[7] The Fourth Circuit recognized the test in *Wilson* applying to all §1983 Eighth Amendment claims in *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008).

1. Claim Against Nurse Mauney

No genuine issue of material fact exists as to the Plaintiff's §1983 claim against Defendant Mauney, and this court recommends that summary judgment be granted in favor of the Defendant. Nurse Mauney is never mentioned in the Plaintiff's Complaint outside of the caption. (Dkt. No. 1.) Nurse Mauney submitted an affidavit along with the Defendants' motion. (Dkt. No. 22-6.) Nurse Mauney stated that she saw the Plaintiff for the first and only time on March 31, 2014. (*Id.*) At that time the Plaintiff was complaining his shoulder was "killing" him. The Plaintiff stated that the Naproxen prescribed by Dr. Byrne was not helping with the pain and previously had tried Tylenol, ibuprofen and Mobic without success. (*Id.*) Nurse Mauney offered the Plaintiff Ibuprofin, and he accepted the offer. (*Id.*) Nurse Mauney told the Plaintiff to take the medication three times a day, to focus heat in the shower on the shoulder, and gave him shoulder exercises to perform. (*Id.*) Following his receipt of Nurse Mauney's affidavit along with the Defendants' Motion, the Plaintiff filed his Motion for Summary Judgment which includes the March 31, 2014, visit with Nurse Mauney and her offer of Ibuprofin. (Dkt. No. 35 at 3-4.)

The Plaintiff has failed to plead an actionable claim against Nurse Mauney. FED. R. CIV. P. 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must "state a claim to relief that is plausible on its face" to survive a motion to dismiss. Id. "The complaint must provide enough specificity to 'give the defendant fair notice of what the plaintiff's claim is.'" *Pringle v. City of Charleston Police Dep't*, No. C/A 2:06-cv-3295-PMD,

2007 WL 295629, at *5 (D.S.C. Jan. 29, 2007) (quoting *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, (1993) (internal quotation omitted)). Failure to make any factual allegations against a defendant requires dismissal of the defendant. *See Id.; see also Mohsin v. California Dep't of Water Res.*, 52 F. Supp. 3d 1006, 1018 (E.D. Cal. 2014). The Plaintiff's omission of Nurse Mauney in the factual allegations of his Complaint does not satisfy the requirements of Rule 8 and *Iqbal*. The Complaint does not make any allegations against Nurse Mauney. As such, the Plaintiff has failed to state a claim with such specificity to give Nurse Mauney notice of the claims against her.

Even if this court disregards the Plaintiff's lack of sufficient pleading, the Plaintiff has failed to present sufficient evidence to survive summary judgment. The Plaintiff's burden is to present some evidence tending to prove that Nurse Mauney was deliberately indifferent to his serious medical need. The Plaintiff has not met the objective or subjective prongs of *Hardin* to show the deprivation of medical care by Nurse Mauney was sufficiently serious or that she had a culpable state of mind. Nurse Mauney only saw the Plaintiff one time. (Dkt. No. 22-6 ¶ 6.) Nurse Mauney sought and received approval to give the Plaintiff Ibuprofen. (*Id.* at ¶¶ 8-9.) This court recommends the Plaintiff's claims against Nurse Mauney be dismissed.

2.  Claim Against Nurse Holcomb

No genuine issue of material fact exists as to the Plaintiff's §1983 claim against Defendant Holcomb, and this court recommends that summary judgment be granted in favor of the Defendant. As with Nurse Mauney, the Plaintiff did not make any allegations against Nurse Holcomb in his Complaint other than the caption. (Dkt. No. 1.) The Plaintiff has not met the pleading requirements of Rule 8 and *Iqbal* to state a valid claim against Nurse Holcomb.

Even if the Plaintiff did state a valid claim against Nurse Holcomb, the record does not contain any evidence to support that she was deliberately indifferent to the Plaintiff's serious medical needs. Nurse Holcomb submitted an affidavit along with Defendants' motion. Dkt. No. 22-4.) Nurse Holcomb is a licensed nurse practitioner at Lieber Correctional Facility. Nurse Holcomb consulted with many of the nurses that examined the Plaintiff. (*Id.*) Nurse Holcomb made recommendations regarding medications and treatments for the Plaintiff. This is consistent with the two mentions of Nurse Holcomb that Petitioner makes in his Motion for Summary Judgment and passing mentions of Nurse Holcomb made in his Response to Summary Judgment. (Dkt. Nos. 35 at 2-3; 37.) It does not appear that Nurse Holcomb ever personally examined the Plaintiff.

The Plaintiff has not presented any evidence that would tend to support Nurse Holcomb showed "deliberate indifference" to a "serious medical need." The Plaintiff has not met the objective or subjective components of *Hardin*. Each time Nurse Holcomb was consulted regarding the Plaintiff, she reviewed his symptoms and promptly recommended and ordered medications for the Plaintiff. Nurse Holcomb examined the Plaintiff's x-rays and noted that they showed only previous injuries. (Dkt No. 22-4 at 2.) Nurse Holcomb repeatedly changed the Plaintiff's medications when he complained that they were ineffective or had side-effects. (*Id.*) The Constitution does not require a plaintiff be cured. *Hooks*, No. 2:12-CV-305-MGL-BHH, 2013 WL 353275. There is no evidence in the record Nurse Holcomb acted with a culpable state of mind. There is no genuine issue of material fact, and this court recommends that Nurse Holcomb is entitled to judgment as a matter of law.

3. Claim Against Dr. Byrne

No genuine issue of material fact exists as to the Plaintiff's §1983 claim against Defendant Dr. Byrne, and this court recommends that summary judgment be granted in favor of

7

the Defendant. The Plaintiff alleges that Dr. Byrne examined the Plaintiff on February 20, 2014, and noted the Plaintiff's right shoulder was lower than his left. (Dkt. No. 1 at 4) The Plaintiff alleges Dr. Byrne did not prescribe any medications or treatment. (*Id.*) The Plaintiff repeats these general allegations in his Motion for Summary Judgment and Response to Summary Judgment. (Dkt. Nos. 35 at 3, 37 at 3.)

Dr. Byrne submitted an affidavit along with Defendants' motion. (Dkt. No. 22-5.) Dr. Byrne is a licensed general practice physician employed with SCDC. Dr. Byrne stated he examined the Plaintiff of February 20, 2014. (*Id.*) Dr. Byrne viewed the Plaintiff's x-rays and saw no fractures but did observe some past injuries. (*Id.*) Dr. Byrne prescribed the Plaintiff 500 mg of Naproxen, a non-steroidal anti-inflammatory, to be taken for up to ten days. (*Id.*) Dr. Byrne did not see any indications that a narcotic was necessary for the Plaintiff. (*Id.*) Dr. Byrne showed the Plaintiff several exercises he could do to help his shoulder. (*Id.*) Dr. Byrne determined that the Plaintiff was not a candidate to be referred to an orthopedist or surgeon. (*Id.*) Dr. Byrne again examined the Plaintiff on June 3, 2014 for complaints of testicle and stomach pain. (*Id.*)

Viewing the evidence in the record in the light most favorable to the Plaintiff, there is not sufficient evidence in the record that Dr. Byrne was deliberately indifferent to Plaintiff's serious medical needs to survive summary judgment. The Plaintiff alleges that Dr. Byrne "did not prescribe treatment to rehabilitate or heal Plaintiff." (Dkt. No. 1.) As the District Court stated in *Hooks*, the Eighth Amendment does not require that the Plaintiff be cured. *Hooks*, No. 2:12-CV-305-MGL-BHH, 2013 WL 353275. Dr. Byrne noted that Plaintiff only had old injuries, which could not be further healed or treated by an orthopedist or surgeon. (Dkt. No. 22-5.) Viewing the facts in the light most favorable to the Plaintiff, the Plaintiff was not sufficiently deprived of

8

medical care for an injury sufficiently serious for a reasonable jury to find Dr. Byrne deliberately indifferent. Additionally, the record contains no evidence that Dr. Byrne acted with a culpable state of mind. As the Plaintiff has failed to present evidence to meet the objective or subjective components of *Harden*, this court recommends that Dr. Byrne is entitled to judgment as a matter of law.

## CONCLUSION

In viewing the facts in the light most favorable to the Plaintiff, the court finds there is no genuine issue of material fact as to whether the Plaintiff "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and this court recommends that Defendants Mauney, Holcomb, and Byrne are entitled to summary judgment as a matter of law. *Dowe*, 145 F.3d at 658. Wherefore, it is **RECOMMENDED** that Defendant's Motion for Dismissal or Alternatively for Summary Judgment (Dkt. No. 22) be **GRANTED** and Plaintiff's Motion for Summary Judgment (Dkt. No. 35) be **DENIED**.

IT IS SO RECOMMENDED.

January 26, 2016

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).